UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **ACN AGRIPRODUCTS, LLC and** ) <br> **RUBEN DARIO PUGA JUAREZ** ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> **United States Citizenship & Immigration Services** ) <br> ) <br> **Chad F. Wolf, Acting Secretary of** ) <br> **U.S. Department of Homeland Security** ) <br> ) <br> **L. Francis Cissna, Director of** ) <br> **United States Citizenship & Immigration Services** ) <br> ) <br> **Loren K. Miller, Director of** ) <br> **Nebraska Service Center** ) <br> **United States Citizenship & Immigration Services** ) <br> ) <br> *Defendants.* ) | Civil Action No. _____ <br><br><br><br> **COMPLAINT FOR** <br> **DECLARATORY RELIEF** |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, by and through undersigned counsel, J. Francisco Tinoco, Esq., bring this action against Defendants United States Citizenship and Immigration Services ("USCIS"), Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security ("DHS"), L. Francis Cissna, Director of USCIS and Loren K. Miller, Director of the Nebraska Service Center for USCIS, for review of the denial of the employment-based application for lawful permanent residency that was filed by Plaintiffs and allege as follows:

### I.   PRELIMINARY STATEMENT

1. This Action is brought against the Defendants for declaratory judgment and review of an agency action under the Administrative Procedures Act based on the Defendants' unlawful, arbitrary, and *ultra vires* denial of the Form I-140 Immigrant Petition for Alien Worker filed by ACN Agriproducts, LLC (the "Company") on behalf of Mr. Ruben Dario Puga Juarez to classify him as a multinational executive.

1

2. More specifically, Plaintiff ACN Agriproducts LLC filed a Form I-140 Petition for Alien Worker with USCIS to seek an immigrant visa under the employment-based first preference category ("EB-1") of the Immigration and Nationality Act ("INA") for Mr. Ruben Dario Puga Juarez. This visa category allows foreign nationals who have worked for a foreign company in a managerial or executive capacity and who are coming to the United States in order to work for the same employer, or an affiliate or subsidiary thereof, in a managerial or executive capacity, to obtain lawful permanent residence in the United States.

3. Despite having previously granted Mr. Ruben Dario Puga Juarez an E-2 nonimmigrant visa to work in the United States for the Company in the same position, on the basis of his executive position, Defendants arbitrarily and unlawfully denied the Form I-140 Petition for Alien Worker finding that Mr. Puga Juarez's position did not meet the requirements set out by USCIS.

## II.   PARTIES

4. Plaintiff, ACN Agriproducts, LLC is a Texas limited liability company formed on August 20, 2009 with the Texas Secretary of State, with offices located at 1512 Rancho Toluca, Weslaco, TX 78596. ACN Agriproducts, LLC buys, sells, stores and processes grain products, principally corn and sorghum, in international markets between the United States and Mexico.

5. Plaintiff, Ruben Dario Puga Juarez, is a native and citizen of Mexico and has been working for ACN Agriproducts, LLC with an E-2 Treaty Investor nonimmigrant visa since 2012. Mr. Puga Juarez resides in Mission, TX.

6. Defendant U.S. Citizenship and Immigration Services ("USCIS"), is an agency of the federal government within the Department of Homeland Security and is responsible for the administration of laws and statutes governing immigration and naturalization and the adjudication of petitions for immigration benefits, including petitions for alien workers. USCIS may be served at 20 Massachusetts Ave., N.W., Washington, D.C. 20529.

7. Defendant Chad F. Wolf is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"), with responsibility for the administration of applicable laws and statutes governing immigration and naturalization. The Acting Secretary of DHS is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such

powers and authority to subordinate employees of DHS. More specifically, the Acting Secretary of DHS is responsible for the adjudication of petitions for alien workers. This Defendant may be served at 3801 Nebraska Ave., N.W., Washington, D.C. 20016.

8. Defendant L. Francis Cissna is the Director of USCIS and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities. These functions include adjudication of EB-1 immigrant visa petitions. This Defendant may be served at 20 Massachusetts Ave., N.W., Washington, DC 20529.

9. Defendant Loren K. Miller is the Director of the USCIS Nebraska Service Center, which is directly charged with the responsibility for adjudicating immigrant petitions for alien workers. This Defendant may be served at Nebraska Service Center, USCIS, 850 S. Street, Lincoln, NE 68508.

### III. JURISDICTION AND VENUE

10. Jurisdiction in this case is proper under 28 U.S.C. § 1331, 5 U.S.C. §§ 701 and 702 *et. seq.*, and 28 U.S.C. § 2201 *et. seq.* Relief is requested pursuant to said statutes. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. Further, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides that: "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

12. Review is also warranted and relief sought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, 702 et seq., and § 706(1).

13. Venue properly lies within this district pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Defendant USCIS has offices, Plaintiff ACN has its principal office, where Plaintiff Ruben Dario Puga Juarez resides, and where a substantial part of the events or omissions giving rise to the claim occurred.

## IV. EXHAUSTION OF REMEDIES

14. Plaintiffs have exhausted all administrative remedies. USCIS denied the Form I-140 Petition for Alien Worker. Plaintiffs filed an I-290B Appeal of the denial to the Administrative Appeals Office ("AAO") which reversed and remanded with instructions to certify any adverse decision with USCIS. Nevertheless, USCIS entered a new decision denying the remanded petition, without certification to the AAO, instructing it was a final unappealable decision. This denial constitutes a final agency action. There is no statutory or regulatory requirement to appeal to the agency. *See Darby v. Cisneros*, 509 U.S. 137, 146-47 (1993); *RCM Techs. V. DHS*, 614 F.Supp.2d 39, 45 (D.D.C. 2009).

## V. FACTUAL ALLEGATIONS

Description of the U.S. and Mexican Companies and their integrated enterprise**:**

15. ACN Agriproducts, LLC ("ACN") is a Texas limited liability company operating in Hidalgo County, Texas.
16. ACN was formed in 2009 by Plaintiff Ruben Dario Puga Juarez and his wife, Elisa Montoya Orduno, as equal 50% owners. See attached **Exhibit 1**.
17. In September 2010, ACN purchased 6.597 acres of land near the Progreso, Texas port of entry where the company constructed grain elevators and offices and where it has done busines since then, at 1512 Rancho Toluca Road, Weslaco, Texas 78596.
18. ACN procures grains in the United States and exports the grains to Mexico to its Mexican affiliate Agropecuaria La Capilla del Noreste, S.A. de C.V. ("Agropec"), from which it sells and distributes grain to livestock producers in Mexico.
19. Agropec was formed in February 11, 1998 and is owned 60% by Mr. Puga Juarez and 40% by his wife. See attached **Exhibit 2**.
20. Mr. Puga Juarez serves as the chief executive officer of the Mexican company, as well as the General Manager of ACN.
21. Agropec operates four grain elevator facilities in various towns of the State of Tamaulipas from where it distributes grain to growers of chickens and other livestock throughout Mexico.
22. As the CEO/General Manager of both companies, Mr. Puga Juarez operates them as an integrated enterprise for the procurement, movement and marketing of grain products to

customers in Mexico, primarily chicken growers.

23. ACN employs a staff of at least 11 personnel and Agropec employs a staff of at least 50 workers, including plant managers, operators, marketing personnel, and clerical personal at each of its locations in Abasolo, San Fernando, Saucito and Valle Hermoso, Tamaulipas, Mexico.

24. ACN has experienced substantial growth over the years, derived almost exclusively from grain exports.

25. As the CEO/General Manager of both companies, Mr. Puga Juarez directs all operations of the integrated organization on a daily basis.  Management of the integrated operations is centralized at the Progreso, Texas facility where the company has extensive video and audio connections with each of its facilities in Mexico which are used for oversight, meetings, and general communication.

Adjudication and Appellate History of the Petition:

26. On November 1, 2013 Plaintiff ACN Agriproducts LLC filed Form I-140 Petition for Alien Worker with the Texas Service Center ("TSC") of USCIS (EB-1 Multinational Executive) on behalf of Plaintiff Ruben Dario Puga Juarez.  See attached **Exhibit 3**.

27. On October 24, 2014 the TSC denied Plaintiff's Form I-140 Immigrant Petition for Alien Worker on the basis that a mere 50% ownership of ACN by Plaintiff Puga Juarez is insufficient to show control of the enterprise, and therefore ACN is not an affiliate of Agropec, the Mexican company which distributes all of ACN's grain exports.  (At the time, Mr. Puga Juarez and his wife jointly owned the Company on an equal 50% basis.)  See attached **Exhibit 4**.

28. On November 5, 2014, Plaintiff ACN Agriproducts, LLC filed Form I-290B Motion to Reconsider with the TSC where Plaintiffs cited two (2) precedent decisions from the Board of Immigration Appeals which were directly on point on the issue of "control".  See attached **Exhibit 5**.

29. On February 4, 2015, the Form I-290B Motion to Reconsider was denied by the TSC.  See attached **Exhibit 6**.

30. On February 28, 2015, Plaintiff ACN Agriproducts LLC filed a Form I-290B Appeal to the Administrative Appeals Office ("AAO") in which it appealed the denial of the Motion to Reconsider by the TSC.  See attached **Exhibit 7**.

31. On June 18, 2015, Plaintiffs filed a SECOND Form I-140 Petition for Alien Worker with USCIS.  Prior to filing the Second Form I-140, Mr. Puga Juarez changed the ownership percentages in ACN to 51% owned by Mr. Puga Juarez and the other 49% owned by his wife, to address the issue of "control".  The Second From I-140 was filed due to concerns over the length of time an appeal could take and due to Mr. Puga Juarez's daughter approaching the age of 21 (to secure protection under the Child Status Protection Act).  See attached **Exhibit 8**.

32. In October 2015, the AAO sent a Request for Additional Evidence requesting evidence that Mr. Puga Juarez would be employed in a "Managerial or Executive" capacity.  See attached **Exhibit 9**.

33. On January 11, 2016, Plaintiffs responded to the AAO Request for Additional Evidence with evidence of "Managerial or Executive" capacity.  See attached **Exhibit 10**.

34. On October 5, 2016, the AAO issued a decision on the Form I-290B Appeal reversing the TSC and holding that 50% ownership is sufficient for purposes of "control" but remanding the case to the TSC for a new decision considering the issue of whether Mr. Puga Juarez would be employed primarily in a "Managerial or Executive" capacity.  In its remand order, the AAO stated "activities regarding the foreign entity do not constitute managerial or executive duties for the petitioning U.S. employer" apparently unaware of the AAO's own order adopting as a precedent on this issue while the appeal was pending.  See *Matter of Z-A-, Inc.*, Adopted Decision 2016-02 (AAO Apr. 14, 2016).  The AAO ordered that any adverse decision be certified to the AAO.  See attached **Exhibit 11**.

35. On July 11, 2018, the TSC issued a Request for Evidence on the SECOND I-140 Petition for Alien Worker requesting information and evidence that Mr. Puga Juarez's employment is primarily in a "Managerial or Executive" capacity.  This RFE did not mention the remanded INITIAL I-140 Petition for Alien Worker which was also pending at the TSC in the same file. Nevertheless, Plaintiffs treated the Request for Evidence as intended for both I-140 Petitions for Alien Worker which were before the TSC.  See attached **Exhibit 12**.

36. On October 1, 2018, Plaintiffs responded to a Request for Evidence issued by the TSC.  The Response was submitted with evidence and legal argument and stated that "This response is submitted to be considered in the adjudication of BOTH . . . I-140 Visa Petitions."  Plaintiff argued that *Matter of Z-A-, Inc.*, Adopted Decision 2016-02 (AAO Apr. 14, 2016) was controlling on the issue of whether activities managing the foreign affiliate of the integrated

enterprise are qualifying activities to meet the "primarily managerial or executive" requirement. The Response also cited non-precedent Board of Immigration Appeals decisions for the proposition that management of activities by employees abroad who performed "*duties related to production planning, research, technical support, sales, development, logistics and distribution for the U.S. market*" showing "*evidence concerning the reasonable needs of the organization as a whole*" are activities within the definition of "primarily managing" requirement. See attached **Exhibit 13**.

37. In April 2020, the TSC took action on BOTH I-140 Petitions for Alien Worker which had been filed by Plaintiffs.

38. The INITIAL Form I-140 Petition for Alien Worker which had been remanded to the TSC in October 2016 for a new decision was denied in a letter dated March 30, 2020. The decision ignored Plaintiffs' Response to the Request for Evidence which was submitted in October 2018. The decision quotes verbatim most of the AAO Remand order. The TSC decision concludes "It is ordered that the motion [appeal] be dismissed and the original decision denying Form I-140 remain undisturbed." The Decision completely ignored the fact that the AAO had reversed the basis of the denial by the TSC (that the U.S. and foreign employers were not affiliated companies). It also ignored the cited precedential Adopted Decision, *Matter of Z-A-Inc.* See attached **Exhibit 14**.

39. The March 30, 2020 Denial Letter further states *"there is no appeal to this decision, since the underlying form was not appealable to the Administrative Appeals Office. . . You may file a motion to reopen or reconsider."* and did not certify the decision to the AAO as had been ordered.

40. With respect to the SECOND Form I-140 Petition for Alien Worker, the TSC sent a Notice of Intent to Deny on the issue of "managerial or executive" capacity.

41. The Notice of Intent to Deny was undated but postmarked April 13, 2020. Plaintiffs have withdrawn the SECOND Form I-140 Petition for Alien Worker as the affiliation-by-ownership issue was resolved in Plaintiffs' favor by the AAO with respect to the INITIAL I-140 Petition.

## VI.  STATEMENT OF ISSUES

42. Initially the TSC denied the INITIAL I-140 Petition for Alien Worker for failure to prove the petitioning U.S. employer and the Mexican employer were "affiliated".  That issue, however, was resolved in Petitioner's favor by the AAO in its Remand Order, which held that Mr. Puga Juarez's 50% ownership of the U.S. petitioner and 60% ownership of the Mexican employer were sufficient to establish affiliation of the two enterprises.  As such, this should no longer be an issue.

43. The remaining issue was raised in both the AAO Remand Order and the TSC Denial Letter after remand: Whether Mr. Puga Juarez's employment position qualifies him as a Multinational executive or Manager because it meets the regulatory definition of executive capacity found in 8 C.F.R. 204.2(j) "Executive capacity means an assignment within an organization in which the employee primarily…".  More precisely the issue is whether a manager or executive of an integrated international business with operations in two countries who has responsibilities in *both* countries qualifies as "primarily managerial".

44. In determining whether Mr. Puga Juarez qualifies as a Multinational Executive or Manager, can USCIS wholly disregard as "non-qualifying" the managerial and executive responsibilities of the integrated enterprise that Mr. Puga Juarez carries out with respect to the affiliated company in Mexico?  The AAO and TSC decisions both state: "the beneficiary's authority over that company is non-qualifying for immigration purposes" and their finding that he is not a Multinational Executive or Manager hinges on excluding those duties from job activities.

45. Does the word "primarily" as used in the applicable regulations mean "responsibilities or duties that are fundamental to and required or expected in, the course of employment and not merely incidental to employment", as some legal texts define it, or does it mean "more than 50% of the working hours are spent doing tasks which are executive or managerial in nature" as stated by USCIS.

## VII.  INJURY

46. Defendants' wrongful denial of the Form I-140 Petition for Alien Worker leaves ACN without the services of its chosen and proven General Manager, because Mr. Puga Juarez will be forced to leave the U.S. when his nonimmigrant status expires on June 5, 2021.

47. Defendants' wrongful denial of the Form I-140 Petition for Alien Worker interferes with Plaintiff ACN's ability to successfully conduct its business in the U.S. and potentially subject Plaintiffs to substantial financial harm.

## VIII. EAJA FEES

48. In connection with the claim for attorneys' fees and costs, under the Equal Access to Justice Act, 28 U.S.C. § 2412, Plaintiffs seek to recover costs and attorneys' fees incurred in bringing this action.
49. Plaintiffs are obligated to pay reasonable attorneys' fees and costs incurred in the prosecution of this cause.

## IX. CLAIMS FOR RELIEF

50. Plaintiffs hereby incorporate by reference as if set forth in full and at length herein paragraphs 1 through 49 of this Complaint.
51. The denial of the I-140 Petition for Alien Worker are agency actions under the Administrative Procedure Act ("APA").
52. The denial of the I-140 Petition for Alien Worker is improper and reviewable under 5 U.S.C. § 702.
53. As a result of these improper decisions by Defendants, Plaintiffs are "suffering legal wrong because of agency action" and are "adversely affected or aggrieved by agency action," and therefore entitled to judicial review thereof' under 5 U.S.C. § 702.
54. The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).
55. Defendants' decision to deny Plaintiff's I-140 Petition for Alien Worker in light of a record providing substantial evidence of the managerial or executive nature of Mr. Puga Juarez' position as the General Manager of ACN, and in light of the prior decisions by USCIS finding that a position's duties and responsibilities over affiliated foreign operations may qualify it as being primarily is managerial or executive in nature, is "arbitrary, capricious, an abuse of

discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

56. Defendants' decision to deny Plaintiff's I-140 Petition for Alien Worker in light of a record providing substantial evidence of the managerial or executive nature of Mr. Puga Juarez' position as the General Manager of ACN, qualifies it as being primarily managerial or executive in nature and a rule not contained in any regulations requiring that 50% of working hours be spent on qualifying managerial or executive duties in the U.S. is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

57. Defendants' denial of Plaintiffs' I-140 Petition for Alien Worker violates the INA and the APA because, contrary to the INA and USCIS regulations, Defendants impermissibly determined that Mr. Puga Juarez does not qualify as a Multinational Executive or Manager because:
   a) He is not employed in a managerial or executive capacity;
   b) He performs substantial executive or managerial activities of the integrated enterprise with respect to the affiliated Mexican company;
   c) The executive or managerial activities performed by Mr. Puga Juarez with respect to the U.S. affiliated company is subject to a rule requiring that 50% of his working hours be spent on qualifying managerial or executive duties with respect to the U.S. Company;
   d) The decision denying the I-140 Petition for Alien Worker are not supported by substantial evidence. Defendants failed to consider evidence presented to them

58. Defendants misconstrued their own regulations and created a 50% of time requirement that does not exist in the regulations or statute.

59. Defendants' multiple mischaracterizations of the record, many of which were repeated in the Denial and the AAO Remand Order; Defendants' repeated reliance on an incorrect legal standard and nonexistent requirements; and Defendants' hastily and sloppily written decisions, that retained obvious typos and grammatical errors through two different decisions; all indicate that Defendants failed to give adequate consideration to the matters before them, and that their decision is based on something other than the facts or the law.

60. Defendants have neglected this case for nearly seven years, have ignored evidence and argument, and have failed to follow the AAO remand order (by gathering more evidence, issuing a new decision based on the evidence, and not certifying it back to the AAO).

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment on their behalf and issue the following:

a. An order declaring that Defendants' denial of Plaintiff's I-140 Petition for Alien Worker are violative of the INA and its attendant regulations; violative of the Administrative Procedure Act; *ultra vires*; erroneous as a matter of law and fact; arbitrary and capricious, an abuse of discretion and not otherwise in accordance with law; and violative of due process;

b. An order directing Defendants and their agents to issue immediately all necessary and appropriate documents to Plaintiff to evidence the approval of its I-140 Petition for Alien Worker.

c. An order directing Defendants and their agents to withdraw the denial of, and to approve Plaintiff's I-140 Petition for Alien Worker;

d. An order awarding Plaintiffs their attorneys' fees and costs; and

e. An order granting such other relief as the Court may deem just, equitable and proper.

Respectfully submitted,

By:/s/    J. Francisco Tinoco
J. Francisco Tinoco, Esq.
Texas Bar No. 24067418
Fed. Id. No. 873188
**LAW OFFICE OF J. FRANCISCO TINOCO P.C.**
**The Chase Tower**
**200 South 10th Street, Suite 802**
**McAllen, Texas 78501**
**(956) 683-8300 – Tel.**
**(956) 683-8305 – Fax**

*ATTORNEY FOR PLAINTIFFS*